# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CEDCO, INC., a Nevada corporation, ) 2:07-CV-01022–BES-GWF
)
Plaintiff, )
) **ORDER**
vs. )
)
ARCH SPECIALTY INSURANCE AGENCY )
(dba ARCH SPECIALTY INSURANCE )
COMPANY, aka ARCH INSURANCE )
GROUP, a foreign corporation; DOES I )
through XX, inclusive; ROE )
CORPORATIONS I through XX, inclusive, )
)
Defendants. )
_____ )

Presently before this Court is Plaintiff's Motion to Remand (#9), filed August 30, 2007. The Court has also considered Defendant's Opposition (#15), filed September 27, 2007, and Plaintiff's Reply (#16), filed October 9, 2007.

## BACKGROUND

On June 29, 2007, Plaintiff Cedco, Inc. ("Plaintiff") filed a Complaint in the Eighth Judicial District Court for the State of Nevada against Defendant Arch Speciality Insurance Agency ("Defendant"). In its Complaint, Plaintiff asserted several claims for relief based on the Defendant's alleged wrongful denial of insurance benefits. As a result of these claims for relief, Plaintiff sought general damages, consequential damages, special damages, damages for emotional distress, and punitive damages.

///

Defendant filed a Notice of Removal (#1) on August 1, 2007, asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, Defendant states that there is "complete diversity between Plaintiff and Defendant," and that "the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs." (Notice of Removal (#1), pp. 2-3). In this regard, Defendant states that this action was commenced following the filing of a claim for personal injuries against Plaintiff in another lawsuit. Id. That lawsuit arose from a physical altercation that occurred between three of Plaintiff's employees. One of the employees, who alleged he was seriously injured as a result of the altercation, filed a lawsuit against Plaintiff. Plaintiff submitted a claim to Defendant based on this personal injury lawsuit seeking "payment for a defense and indemnification for, among other things, damages because of 'bodily injury.'" (Notice of Removal (#1), Exhibit B). Defendant argues that the amount in controversy in this action exceeds $75,000 because the plaintiff in the underlying personal injury lawsuit incurred (i) a hospital bill in excess of $70,272, (ii) surgical and related expenses in excess of $20,199, and (iii) related incidental post-surgical expenses.

Plaintiff now seeks to remand the case to state court on the basis that this Court does not have jurisdiction because the amount in controversy is below $75,000.

**DISCUSSION**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332. If a case is removed by a defendant, remand is appropriate if the federal court lacks subject matter jurisdiction, or if a case is otherwise improperly removed. 28 U.S.C. § 1447. Because of a strong presumption against removal, "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

///

In the case of removal based on diversity jurisdiction, "the status of a case as disclosed by a plaintiff's complaint is controlling" to determine whether the amount in controversy has been met. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938); see also Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363-64 (9th Cir. 1986). Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)(citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996)). "If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Krajca v. Southland Corp., 206 F.Supp. 2d 1079, 1081 (D.Nev. 2002)(emphasis in original)(quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Thus, the court will consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Matheson, 319 F. 3d at 1090. Where doubt regarding the right to removal exists, a case should be remanded to state court. Id.

In this case, Plaintiff has asserted that the case should be remanded because the amount in controversy requirement has not been met. According to Plaintiff, the amount in controversy is $21,039.42. (Motion to Remand (#9), p. 4). In this regard, Plaintiff states that the medical expenses incurred by the personal injury plaintiff in the underlying suit totaled $71,039.42. Id. Plaintiff then deducted an insurance deductible of $50,000 from that amount to arrive at $21,039.42. Id. However, this Court finds that the Plaintiff's argument that the amount in controversy does not exceed $75,000 without merit.

The Complaint in this action asserts various claims for relief based on the Defendant's alleged wrongful denial of insurance benefits following the filing of a personal injury lawsuit against Plaintiff by one of Plaintiff's employees. As such, the amount in controversy in this case is directly related to the damages claimed by the personal injury plaintiff. In its Notice of Removal, Defendant proved that the amount in controversy exceeds $75,000. Defendant

3

showed that the personal injury plaintiff's medical bills alone were $70,272. Moreover, the personal injury plaintiff sought damages above and beyond his claim for medical expenses. (Opposition (#15), Exhibit A). In addition to the $70,272, the personal injury plaintiff sought damages for pain and suffering, future medical expenses, lost wages, and emotional distress. Thus, based on the underlying plaintiff's known medical expenses of $70,272 and the fact that he is seeking additional damages, Defendant has satisfactorily proven that the amount in controversy is sufficient for diversity jurisdiction. Furthermore, Plaintiff is seeking punitive damages in this case based on Defendant's alleged misconduct. As such, even accepting the Plaintiff's $21,039.42 figure for the personal injury plaintiff's medical expenses, the amount in controversy still exceeds $75,000 when that number is added to the other damages claimed in the underlying suit and the Plaintiff's claims for punitive damages.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#9) is DENIED.

DATED: This 30th day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE